IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-30061 |
| | ) | |
| NERON SAMUELS, | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on defense counsel Mark Kevin Wykoff, Sr.'s Motion to Withdraw as Attorney of Record for Defendant Neron Samuels (d/e 7). Mr. Wykoff's motion is DENIED. The Court has found no irretrievable breakdown in communication between Mr. Wykoff and Defendant that would infringe on Mr. Wykoff's ability to vigorously represent his client.

## I. BACKGROUND

On or about December 14, 2012, Mr. Wykoff filed his Entry of Appearance in the present case (hereinafter "the 2012 case") and in

another case in which Neron Samuels is the defendant, Case No. 06-30035 (hereinafter "the 2006 case"). The 2006 case is again before this Court for sentencing after Defendant pleaded guilty to violating conditions of his supervised release. The Court accepted Defendant's guilty plea at a revocation hearing on March 4, 2013 and scheduled the sentencing hearing for these violations for April 22, 2013. Mr. Wykoff represented Defendant at this revocation hearing in March. The April sentencing hearing was later cancelled due to a pending plea hearing in the 2012 case. Later, the Court granted another continuance of the sentencing hearing in the 2006 case at the parties' request. Defendant has been detained in the Sangamon County Jail awaiting sentencing for the 2006 case since his arrest in December of 2012.

On August 5, 2013, Defendant pleaded guilty to the charges in his 2012 case. At the plea hearing, the Court scheduled both the sentencing

in the 2006 case and the sentencing in the 2012 case for December 2, 2013.[1]

Mr. Wykoff filed motions to withdraw in both the 2006 and 2012 cases on September 6, 2013. See Case No. 12-30061, d/e 7; 06-30035, d/e 46. Mr. Wykoff's motions explain that his relationship with Defendant "has been irreparably harmed due to the intermeddling of [a] third party." d/e 7, ¶ 5. This "third party" is a "close confidant of the Defendant," who has allegedly "had a number of disagreements" with Mr. Wykoff about how Mr. Wykoff should handle Defendant's cases. Id. ¶ 3. Mr. Wykoff states that his efforts in resolving Defendant's case "have been met with scorn and rebuff by the external actor." Id. ¶ 4. To allow this third party to "control" the strategy in this case, Mr. Wykoff believes, "would constitute ineffective assistance of counsel." Id. ¶ 8. Therefore, Mr. Wykoff brings these motions "not . . . for the purposes of

---

[1] After issuing a text order stating that the Court was denying Mr. Wykoff's motions to withdraw and would issue a longer opinion explaining the decision, the Court rescheduled the sentencing in the 2006 case for Monday, September 30, 2013 at 9:00 A.M.

delay," but in the "best interests of the parties," and asks this Court to allow him to withdraw. Id. ¶ 9.

In a letter to the Court responding to Mr. Wykoff's motions, Defendant states that he wants Mr. Wykoff to continue to represent Defendant in both cases. d/e 8. Defendant writes that approximately three months ago, he and Mr. Wykoff discussed the disagreements between Mr. Wykoff and the third party. Id. at 1. In those discussions, Defendant claims he assured Mr. Wykoff that the close confidant had not affected Defendant's decisions about his cases. Id. Defendant then asserts that he "told Mr. Wykoff that he was doing a good job an[d] my opinion is all that matters not the close confidant of mine." Id. Defendant writes that after this discussion, "we both agreed that I was write an that he would stay on the case." Id. Defendant then states that Mr. Wykoff's motions to withdraw "blindsides me simply because me an[d] Mr. Wykoff had no disagreements or arguments about how he was handling the case." Id.

## II. ANALYSIS

"In the 'irretrievable breakdown' inquiry following defense counsel's motion to withdraw, courts consider whether, notwithstanding any disagreement between lawyer and client, counsel was still able to provide a vigorous defense." United States v. Ryals, 512 F.3d 416 (7th Cir. 2008). Even when "the defendant and his attorney did not get along and were often 'at odds,'" the Seventh Circuit upheld a district court's denial of an attorney's motion to withdraw from his client's case because there "was at least some communication occurring between the two." United States v. Huston, 280 F.3d 1164, 1168 (7th Cir. 2002)(citing United States v. Brown, 79 F.3d 1499, 1506-07 (7th Cir. 1996).

The records in the 2006 and 2012 cases, as well as Defendant's letter, indicate that there has not been "a substantial breakdown in attorney-client communication." Brown, 79 F.3d at 1507. Mr. Wykoff has vigorously represented Defendant in multiple hearings before this Court. As recently as one month before Mr. Wykoff moved to withdraw, he represented Defendant in a felony plea hearing. At that hearing, there

was no indication that the relationship between Mr. Wykoff and Defendant had deteriorated—especially to the extent that it would hinder Mr. Wykoff's ability to forcefully defend his client.  On the contrary, Mr. Wykoff's representation of Defendant over the past several months and Defendant's plea to keep Mr. Wykoff as his counsel demonstrate that "there was at least some communication occurring between the two," *despite* the interference of Defendant's close confidant.  Huston, 280 F.3d at 1168.

The appearance of fluid communication may be a testament to Mr. Wykoff's professionalism and dedication to his role as a zealous advocate.  And the Court does not doubt that this third-party has sparked disagreements between Defendant and Mr. Wykoff that have caused tension.  However, these disagreements have not soured the attorney-client relationship to the extent that warrants withdrawal when both cases are nearing an end.

## III. CONCLUSION

For the reasons stated, Mark Kevin Wykoff, Sr.'s Motion to Withdraw as Attorney of Record (d/e 7) for Defendant is DENIED.

IT IS SO ORDERED.

ENTER: September 23, 2013

FOR THE COURT:

                                  <u>s/Sue E. Myerscough</u>
                                   SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE